```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION


UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No. S1-4:08 CR 538 JCH
                                 )                        DDN
                                 )
JACQUELINE GARZA-HERNANDEZ, et al.,)
                                 )
          Defendants.            )
```

**MEMORANDUM AND ORDER**

This action is before the court upon the pretrial motions of the parties which were referred to the undersigned under 28 U.S.C. § 636(b). A hearing was held on April 3, 2009, on the motions filed by defendant Jacqueline Garza-Hernandez.[1]

On January 8, 2009, defendant Garza-Hernandez formally withdrew (Doc. 72) her pretrial motions (Docs. 36, 47, 48, 50, and 54), with the exception of her motion seeking the identification of the cooperating individual (CI) in this case (Doc. 65). This remaining motion was taken up at the hearing held on April 3, 2009.

Defendant Garza-Hernandez seeks government disclosure of the identity and location of the CI that provided information to the police. She argues she is entitled to this information for two reasons: (1) because the informant was described by the investigating officer as having provided reliable information in the investigation and (2) because this information may lead to information that is helpful to the defense. In response to this motion, the government has stated that the CI provided minimal information to the police, only enough to draw the attention of the police to the defendant and to begin an investigation; the government also has stated that the CI will not be called as a witness in its case-in-chief at trial and was not a material

---

[1] At the hearing held on April 3, 2009, defendant was referred to as Jacqueline Hernandez-Garza. However, because she is charged under the name "Jacqueline Garza-Hernandez," to avoid confusion the court will refer to this defendant in this opinion as Garza-Hernandez.

witness, in that the CI did not witness any fact or event that the government intends to prove in its case-in-chief at trial.

Defendant has replied that, because the police report describes the CI as reliable, she may be entitled to attack the credibility of the reporting officer by cross-examining the reporting officer about the report's information about the CI.

The undersigned believes the law is clear that under the undisputed facts, set forth above, the defendant is not entitled to disclosure of the identity of the CI. Under Roviaro v. United States, 353 U.S. 53 (1957), a defendant is not necessarily entitled to discovery of an informant's identity. Rather, the court must balance the defendant's need to know the identity of the informant with the public's interest in keeping the identity confidential to safeguard this important source of information.

The defendant's need for disclosure might be shown to be paramount to the government's interest by showing that the informant was a material witness to the events to be proved at trial or that the informant's testimony is crucial to her defense. Id. at 64-65; United States v. Feldewerth, 982 F.2d 322, 324 (8th Cir. 1993). The public interest in preserving the informant's anonymity and encouraging citizens to report crimes is very strong. Roviaro, 353 U.S. at 59-62. Consequently,

> [t]he burden is on the defendant to show the materiality of the need for disclosure of a confidential informant's identity. United States v. Grisham, 748 F.2d 460, 463-64 (8th Cir. 1984). That burden requires more than mere speculation that the testimony of the informant might prove to be helpful to the defense. Id. at 464. United States v. Buffington, 815 F.2d 1292, 1299 (9th Cir. 1987). There must be some showing that the disclosure is vital to a fair trial. United States v. Weir, 575 F.2d 668, 673 (8th Cir. 1978).

United States v. Curtis, 965 F.2d 610, 614 (8th Cir. 1992).

In this case the government has stated that the informant did not witness the events to be proved at trial. The government states this is so, because the informant provided only initial information that drew the police attention to the defendant. From the record, the undersigned

finds that the CI in this case was not a witness to facts which the government intends to prove at trial.

No basis was presented to the court for finding that the informant's testimony would be relevant or important to the defense. Defendant's argument that knowledge of the informant might provide helpful information when the government witness(es) is (are) cross-examined or might provide information otherwise helpful to the defendant's case is entirely speculative. Therefore, the privilege of the government to keep the name of the confidential informant secret is paramount to the need of the defendant to have this information to prepare her defense. Roviaro v. United States, 353 U.S. 53, 59-62 (1957); United States v. Sykes, 977 F.2d 1242, 1245-46 (8th Cir. 1992).

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Jacqueline Garza-Hernandez to withdraw (Doc. 72) her previously filed motions (Doc. 72), other than Document 65, is sustained.

**IT IS FURTHER ORDERED** that the motion of defendant Jacqueline Garza-Hernandez to compel discovery of the confidential informant or to exclude evidence (Doc. 65) is denied.

**IT IS FURTHER ORDERED** that Clerk administratively terminate the following motions because they have been withdrawn:

a.  Docs. 32 and 85: oral motions of defendant Garza-Hernandez to suppress; and
b.  Doc. 66: documentary motion of defendant Garza-Hernandez to suppress statements and evidence.

**IT IS FURTHER ORDERED** that the oral motions of the government for a determination by the court of the admissibility or not or arguably suppressible evidence (Docs. 33 and 87) are denied as moot.

The parties are advised that they have ten days in which to file written objections to this Order. The failure to file timely written objections may waive the right to appeal issues of fact.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 6, 2009.